8800/SHV
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR
61 BROADWAY, SUITE 3000
NEW YORK, NEW YORK 10006
212-344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BAX GLOBAL, INC. and BAX GLOBAL, S.A. <br>         Plaintiffs, <br>     v. <br> OCEAN WORLD LINES, INC. <br>         Defendant | **07 cv 10457 (NRB)** <br><br> **ECF** <br><br> **OCEAN WORLD LINES AMSWER TO THE COMPLAINT <u>and COUNTERCLAIM</u>** |

    Defendant OCEAN WORLD LINES (hereinafter "OWL") by and through its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, Answers the plaintiffs' BAX GLOBAL, INC. and BAX GLOBAL S.A., (hereinafter referred to as "plaintiffs"), complaint 07 cv 10457 (NRB), upon information and belief, as follows:

<u>**JURISDICTION AND VENUE**</u>

1.   Admits that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Except as so specifically admitted OWL denies all of the remaining allegations in paragraph 1 of plaintiffs' complaint.

2.   Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 2 of plaintiffs' complaint.

## PARTIES

3.  Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 3 of plaintiffs' complaint.

4.  Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 4 of plaintiffs' complaint.

5.  Admits that OWL is a corporation organized and existing under the laws of one of the states of the United States, with an office at 1981 Marcus Ave., Lake Success, New York 11042. Except as so specifically admitted OWL denies all of the remaining allegations in paragraph 5 of plaintiffs' complaint.

## FACTUAL ALLEGATIONS

6.  Admits that Bax Global was the consignee on the Ocean World Lines express bill of lading, no.  BC5S030040NY, for containers TTNU561498-8 and TTNU473145-0, said to contain "sanitary equipment" to be laden aboard the M/V NORDSEAS Voy. 508W on or about March 2, 2005 at the port of Barcelona, Spain for transport to New York, New York.  Except as so specifically admitted OWL denies all of the remaining allegations in paragraph 6 of plaintiffs' complaint.

7.  Admits that Bax Global S.A. was the shipper on the Ocean World Lines express bill of lading, no.  BC5S030040NY, for container TTNU561498-8 and TTNU473145-0, said to contain "sanitary equipment" to be laden aboard the M/V NORDSEAS Voy. 508W on or about March 2, 2005 at the port of Barcelona, Spain for transport to New York, New York. Upon information and belief, the subject containers actually contained "medical supplies."    Except as so specifically admitted OWL denies all of the remaining allegations in paragraph 7 of plaintiffs' complaint.

8.  Denies all of the allegations contained in Paragraph 8 of plaintiffs' complaint.

9.  Denies knowledge and information sufficient to respond to the allegations in Paragraph 9 of plaintiffs' complaint.

## FIRST CAUSE OF ACTION

10. Denies all of the allegations contained in Paragraph 10 of plaintiffs' complaint, except admits that on March 2, 2005, containers numbered TTNU561498-8 and TTNU473145-0, each said to contain "sanitary equipment" (subsequently shown to contain "medical supplies") were shipped from Spain to the United States aboard the M/V NORDSEAS Voy. 508W at the agreed upon freight rate for the shipper described commodity pursuant to the OWL Tariff and all of the terms and conditions of the applicable OWL express bill of lading contract no.  BC5S030040NY and the COSCO bill of lading COSU96221060.

11. Denies all of the allegations contained in Paragraph 11 of plaintiffs' complaint, except admits that on March 2, 2005, containers numbered TTNU561498-8 and TTNU473145-0, each said to contain "sanitary equipment", (subsequently shown to contain "medical supplies") were shipped from Spain to the United States aboard the M/V NORDSEAS Voy. 508W at the agreed upon freight rate for the shipper described commodity pursuant to the OWL Tariff and all of the terms and conditions of the applicable OWL express bill of lading contract no.  BC5S030040NY and the COSCO bill of lading COSU96221060.

12. Denies all of the allegations contained in Paragraph 12 of plaintiffs' complaint.

13. Denies all of the allegations contained in Paragraph 13 of plaintiffs' complaint.

14. Denies knowledge and information sufficient to respond to the allegations in Paragraph 14 of plaintiffs' complaint.

15. Denies all of the allegations contained in Paragraph 15 of plaintiffs' complaint.

16. **Denies all of the allegations contained in Paragraph 16 of plaintiffs' complaint.**

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

17. The shipment in question was to be carried from a foreign port to a U.S. port pursuant to a bill of lading contracts and applicable tariffs and was therefore subject to United States Carriage of Goods by Sea Act 46 U.S.C. (App.) 1300 et. seq.

18. OWL claims the benefit of all exceptions, exemptions and limitations contained in the aforesaid statute or bill of lading contracts to the full extent as may be applicable.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19. OWL claims the benefit of the Harter Act, the provisions of the General Maritime law, applicable United States foreign law and all vessel limitation of liability statutes to the full extent they may be applicable to it.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20. The claim of the ultimate shipper against OWL was time-barred under the agreed provisions of the bill of lading, and under the provisions of the Carriage of Goods by Sea Act, specifically, 46 U.S.C. Section 1303 (6).   Plaintiffs' claims are barred by the applicable statute of limitations or the equitable doctrine of laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21. Plaintiffs have failed to properly and fully mitigate the damages in their complaint.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22. That if the goods in suit were damaged, which is denied, said damage was caused in whole or in part by the contributory negligence of the plaintiffs and/or their agents.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

23. That if plaintiffs' cargo suffered any damage, which OWL denies, then such damage resulted from a cause arising without the actual fault and privity of OWL and without the fault or neglect of the agents or servants of OWL, and OWL is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(Q).

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

24. That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act of omission of the shipper, for which OWL is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304 (2)(i), and by the terms of the contracts of carriage.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

25. Plaintiffs claim should be dismissed on the basis that the shipper knowingly mis-described the cargo on the subject bill of lading contracts and is therefore estopped from asserting a claim there under pursuant to 46 U.S.C. 1303(5).

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

26. Plaintiffs claim should be dismissed for failure to name a necessary party.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

27. Plaintiffs claim should be dismissed since plaintiffs are not the real parties in interest.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

28. Plaintiffs are estopped from bringing this claim since the freight charges for the subject cargo have not been paid to date.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

29. Plaintiffs failed to properly defend the claim asserted by the ultimate shipper.

## COUNTERCLAIM
## AND/OR EQUITABLE SET-OFF

## AS AND FOR ITS COUNTERCLAIM AGAINST PLAINTIFFS
## DEFENDANT OCEAN WORLD LINES ALLEGES AS FOLLOWS

30. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1-29 inclusive of this Answer, with the same force and effect as if herein set forth at length.

31. Plaintiff breached the terms and conditions of the subject OWL bill of lading, no. BC5S030040NY, by intentionally and knowingly mis-describing the cargo shipped pursuant to same as "sanitary equipment" when what was actually shipped was "medical supplies."

32. Under 46 USC 1303(5), by mis-describing the cargo in containers TTNU561498-8 and TTNU473145-0 transported pursuant to the OWL bill of lading, no. BC5S030040NY, plaintiffs breached their guaranty to OWL.

33. Pursuant to the OWL Tariff, the tariff item rate for "medical supplies" would be a different rate than the tariff rate item for "sanitary equipment" which requires, under the Shipping Act of 1984, as modified by the Ocean Shipping Reform Act of 1988 and the implementing Federal Maritime Commission tariff rules and regulations, OWL to re-rate the freight charge for the two containers, TTNU561498-8 and TTNU473145-0, transported pursuant to the express bill of lading, no. BC5S030040NY for the actual cargo that was shipped per the OWL aforementioned express bill of lading.

34. As a result, OWL demands the outstanding freight charge for the two containers; nos. TTNU561498-8 and TTNU473145-0, imported pursuant to the subject express bills of lading, no.  BC5S030040NY in the approximate sum of $50,000.00.

**WHEREFORE,** Defendant OWL prays that the complaint against it be dismissed and its counterclaim be granted and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
          April 23, 2008

> CICHANOWICZ, CALLAN, KEANE,
>   VENGROW & TEXTOR, LLP
> 61 Broadway, Suite 3000
> New York, New York 10006
> *Attorneys of Defendant Ocean World Lines*
>
> By: ___S/ Stephen Vengrow_____
>          Stephen H. Vengrow

## CERTIFICATE OF SERVICE BY ECF and US MAIL

The undersigned declares under penalty of perjury that the following is true and correct:

1.  I am over the age of eighteen years and I am not a party to this action.

2.  On April 23, 2008, I served by ECF a complete copy of OCEAN WORLD LINES

answer to the following attorney at the ECF registered address:

Katten Muchin Rosenman LLP
Attention:      Philip A. Nemecek, Esq.
575 Madison Avenue
New York, New york 10022
212-940-8800
*Attorneys for Plaintiff*

DATED:        April 23, 2008
              New York, New York

S/ Jessica De Vivo, Esq. (JAD/6588)