8800/SHV
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR
61 BROADWAY, SUITE 3000
NEW YORK, NEW YORK 10006
212-344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BAX GLOBAL, INC. and BAX GLOBAL, S.A.<br><br>Plaintiffs,<br>v.<br><br>OCEAN WORLD LINES, INC.<br><br>Defendant<br><br>———————<br><br>OCEAN WORLD LINES, INC.<br><br>Third Party Plaintiff<br><br>v.<br><br>COSCO Container Lines and COSCO North America, Inc.<br><br>Third Party Defendants | **07 cv 10457 (NRB)**<br><br>**ECF**<br><br>**THIRD PARTY COMPLAINT** |



Defendant and Third-Party Plaintiff, Ocean World Lines (hereinafter "OWL"), by and through its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, as and for a Third Party Complaint against, COSCO Container Lines and COSCO North America, Inc. (hereinafter collectively referred to as "COSCO"), respectfully alleges, upon information and belief, as follows:

## JURISDICTION AND VENUE

1.     This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 as hereinafter more fully appears and is an admiralty and maritime claim within the meaning of Rule 9(h) and 14(c) of the Federal Rules of Civil Procedure.

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), insofar as a substantial part of the claims or omissions giving rise to the claim occurred herein.

## PARTIES

3.     Upon information and belief, Plaintiff Bax Global, Inc. was and is a corporation duly organized and existing under the laws of the State of Delaware, with an office and place of business located at 896 Frelinghuysen Avenue, Newark, NJ 07114.

4.     Upon information and belief, Plaintiff Bax Global, S.A. was and is a corporation duly organized and existing under the laws of a foreign country, with an office and place of business located at C/Atlantic, 132-134 Z.A.L., Barcelona, Spain 08040.

5.     At all times hereinafter mentioned, Ocean World Lines (hereinafter OWL) was and is a corporation organized and existing under the laws of one of the states of the United States, with an office at 1981 Marcus Ave., Lake Success, New York 11042.

6.     Upon information and belief, Third Party Defendant, COSCO Container Lines, was and is a foreign corporation organized and existing by virtue of the laws of the Peoples Republic of China. COSCO has an agent, COSCO Container Lines Americas Inc. with an office at 875 Avenue of the Americas Suite 501, New York, New York, 10001 and an agent COSCO North America, with an office at 100 Lighting Way, Secaucus, NJ 07094, and is therefore subject to the jurisdiction of this honorable Court.

7.        Upon information and belief, Third Party Defendant, COSCO North America, Inc., was and is a corporation organized and existing by virtue of the laws of one of the States of the United States with an office at 100 Lighting Way, Secaucus, NJ 07094 and is therefore subject to the jurisdiction of this honorable Court.

**ALLEGATIONS**

8.        Plaintiffs, Bax Global, Inc. and Bax Global S.A. (hereinafter collectively referred to as "Plaintiff") filed a complaint against Defendant/Third-Party Plaintiff OWL in the Southern District of New York with docket no. 07 cv 10457. A copy of Plaintiffs' Complaint marked as Exhibit A is attached hereto.

9.        Defendant/Third-Party Plaintiff OWL filed an Answer to plaintiffs Complaint; a true and correct copy is attached hereto as Exhibit B.

10.        On or about April 2005, OWL placed a booking with COSCO for the transport of the subject containers, TTNU473145 (at issue in Plaintiffs' Complaint) and TTNU561498-8 (hereinafter collectively referred to as the "Shipment") which were each said to contain "sanitary equipment" aboard the M/V NORDSEAS Voy. 508W from the port of Barcelona, Spain to New York, New York pursuant to the OWL-COSCO service contract GRO49007.

11.        Upon information and belief, during the month of April 2005, there was delivered to the Vessel and COSCO at Barcelona, Spain, the Shipment in good order and condition, for transportation on the Vessel to the port of New York, NY, and COSCO accepted the Shipment so delivered, and in consideration of the payment of the freight agreed, COSCO agreed to transport and carry the Shipment to the discharge port of New York, NY, and there deliver the same in like good order and condition as when it was shipped, delivered to and received by them, in accordance with the terms and conditions of the applicable service contract and bills of lading.

12.     On or about March 2, 2005, COSCO issued an express bill of lading no. COSU96221060 to OWL, a non-vessel operating common carrier, ("NVOCC"), for the transport of the Shipment aboard the M/V NORDSEAS Voy. 508W from the port of Barcelona, Spain to New York, New York pursuant to the OWL-COSCO service contract GRO49007.

13.     On or about March 2, 2005, OWL issued bill of lading BC5S030040NY to the plaintiff for the transport of the Shipment said to contain "sanitary equipment" aboard the M/V NORDSEAS Voy. 508W from the port of Barcelona, Spain to New York, New York.

14.     Upon information and belief, the Shipment, still in good order and condition, was placed on board the Vessel, and the Vessel having the Shipment on board, sailed from the port of Barcelona , Spain, and arrived at the port of discharge on March 10, 2005 where, upon information and belief, COSCO failed to deliver the Shipment in the same good order and condition as when delivered due to the negligence, breach of duty and/or deviation of COSCO and/or its agents, servants, employees, or representatives, resulting in the loss claimed herein.

15.     Upon information and belief, plaintiff's trucker picked up the subject container on March 18, 2005.

16.     Upon information and belief, on or about March 28, 2005, COSCO was notified in writing that container TTNU473145 had been rejected by the consignee due to severe damage to the container.

17.     Upon information and belief, Sanjive Nanda for COSCO attended a survey of the subject container, TTNU473145, in New York.

18.     Upon information and belief, COSCO failed to make delivery of the Shipment in good order and condition in accordance with the terms and conditions of the aforementioned service contract and bills of lading and the US Carriage of Goods by Sea Act, 46 USC § 1300 et seq.

19.      All conditions precedent required of the Defendant/Third-Party Plaintiff OWL related to the Shipment have been performed.

20.      By reason of COSCO's failure to make delivery of the Shipment in good order and condition in accordance with the terms and conditions of the aforementioned service contract, bills of lading and U.S. Carriage of Goods by Sea Act, plaintiff has alleged damages in the proximate sum of $100,000.00, as nearly as the same can now be estimated (inclusive of amounts paid by plaintiffs in an action of a March 28, 2007 judgment rendered in Spain), no part of which has been paid, although duly demanded and has demanded same from OWL.  OWL reserves the right to amend this amount should the losses and damages ultimately be less than or in excess thereof.

21.      If the shipment sustained damage as alleged by Plaintiff, which Defendant and Third-Party Plaintiff OWL denies, said damage resulted from the primary, active and direct fault, negligence, and want of care, omission, breach of duty, breach of contract of carriage, and/or breach of warranty (express or implied) on the part of Third-Party Defendants COSCO and/or its breach of duties as carrier.

22.      If any liability shall be imposed on Defendant/Third-Party Plaintiff OWL, it should be awarded full indemnity pursuant to the terms and conditions of the aforesaid Service Contract and/or contract of carriage, and/or pursuant to law, and/or contribution by Third-Party Defendants COSCO together with costs and disbursements of this action including a reasonable allowance for attorney's fees.

        **WHEREFORE**, Defendant and Third-Party Plaintiff prays:

        a.      Third-Party Defendants COSCO be required to appear and answer this Third-Party Complaint and the Complaint of Plaintiff in this action pursuant to F.R.C.P. 14(c);

b.    Third-Party Defendants COSCO be held directly liable to Plaintiff in this action pursuant to F.R.C.P. 14(c);

c.    Defendant/Third-Party Plaintiff OWL demands judgment against Third-Party Defendants COSCO  for all of the any and all sums that may be adjudged against Defendant/Third-Party Plaintiff OWL in the Plaintiff's favor;

d.    Defendant/Third-Party Plaintiff OWL be granted indemnity by Third-Party Defendants COSCO, for the entire amount for which Defendant/Third-Party Plaintiff OWL may be found liable to Plaintiffs;

e.    Defendant/Third-Party Plaintiff OWL be granted contribution from Third-Party Defendants COSCO toward any amount adjudged in favor of Plaintiff and against Defendant and Third –Party Plaintiff; and

f.    Defendant/Third-Party Plaintiff OWL be granted such other and further relief as may be just and proper in the premises including all costs, reasonable attorneys' fees and disbursements incurred in defending against Plaintiffs' Complaint.

Dated: New York, New York
   April 28, 2008     Respectfully submitted,

           CICHANOWICZ, CALLAN, KEANE,
           VENGROW & TEXTOR, LLP

         By: _____
           Stephen H. Vengrow

          61 Broadway, Suite 3000
          New York, New York 10006
          (212) 344-7042

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| SOUTHERN | District of | NEW YORK |
|---|---|---|

BAX GLOBAL, INC. and BAX GLOBAL, S.A.,

**SUMMONS IN A CIVIL ACTION**

V.

OCEAN WORLD LINES, INC.

CASE NUMBER:

# 07 CV 10457

TO: (Name and address of Defendant)

Ocean World Lines, Inc.
1981 Marcus Avenue, Suite E100
Lake Success, New York 11042
(516) 616-2400

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Philip A. Nemecek, Esq.
Katten Muchin Rosneman LLP
575 Madison Avenue
New York, New York 10022
(212) 940-8800

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                     NOV 19 2007

CLERK

(By) DEPUTY CLERK                      DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                Date             *Signature of Server*

                                _____
                                *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.



KATTEN MUCHIN ROSENMAN LLP
Philip A. Nemecek (PN-3319)
575 Madison Avenue
New York, New York 10022
(212) 940-8800

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## 07 CV 10457

- - - - - - - - - - - - - - - - - - - - - - - - x

BAX GLOBAL, INC. and BAX GLOBAL, S.A.,     :

                          Plaintiffs,     :     **COMPLAINT**

      -against-     :

OCEAN WORLD LINES, INC.,     :

                       Defendant.     :

- - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiffs BAX Global, Inc. and BAX Global, S.A., by their attorneys, Katten Muchin Rosenman LLP, as and for their Complaint against defendant, Ocean World Lines, Inc. ("OWL"), allege upon information and belief as follows:

### JURISDICTION AND VENUE

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1333.

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), insofar as a substantial part of the claims or omissions giving rise to the claim occurred herein.

### PARTIES

3.     At all times hereinafter mentioned, plaintiff BAX Global, Inc. was and is a corporation duly organized and existing under the laws of the State of Delaware, with an office and place of business located at 896 Frelinghuysen Avenue, Newark, New Jersey 07114.

4.    At all times hereinafter mentioned, plaintiff BAX Global, S.A was and is a corporation duly organized and existing under the laws of a foreign country, with an office and place of business located at C/ Atlantic, 132-134 Z.A.L, Barcelona, Spain 08040.

5.    At all times hereinafter mentioned, defendant OWL was and is a corporation duly organized and existing under the laws of the State of Delaware, with an office and place of business located at 1981 Marcus Avenue, Lake Success, New York 11042.

## FACTUAL ALLEGATIONS

6.    BAX Global, Inc. was the consignee of a shipment of sanitary equipment shipped in cartons stuffed in a container laden in good order and condition on board the M/V NORDSEAS (the "Vessel") on or about March 2, 2005, at Barcelona, Spain, for transport to New York, New York (the "Shipment").

7.    Pursuant to OWL's bill of lading no. BC5S030040NY, BAX Global, S.A. was the shipper of the Shipment.

8.    Upon information and belief, at all times hereinafter mentioned, OWL was the owner, charterer, manager, and/or operator of the Vessel.

9.    At all times hereinafter mentioned, the Vessel was a cargo ship engaged in the carriage of goods by water for hire between, among other places, the ports of Barcelona, Spain, and New York, New York.

## AS AND FOR A FIRST CAUSE OF ACTION

10.    During the month of March 2005 there was delivered to the Vessel and OWL at Barcelona, Spain, the Shipment, in good order and condition, for transportation on the Vessel to the port of New York, New York, and OWL accepted the Shipment so delivered, and in consideration of payment of certain freight, OWL agreed to transport and carry the Shipment to

84257169_1                                          2

the discharge port of New York, New York, and there deliver the same in like good order and condition as when shipped, delivered to, and received by them, in accordance with the terms and conditions of OWL's bill of lading no. BC5S030040NY.

11.    Thereafter, the Shipment, still in good order and condition, was placed on board the Vessel, and the Vessel having the Shipment on board, sailed from the port of Barcelona, Spain, and arrived at the port of discharge on March 18, 2005 where OWL failed to deliver the Shipment in the same good order and condition as when delivered to OWL at the port of shipment, but on the contrary, the Shipment was not delivered due to the negligence, breach of duty and/or deviation of OWL and/or its agents, servants, employees, or representatives, resulting in the loss claimed herein.

12.    OWL failed to make delivery of the Shipment in good order and condition in accordance with the terms and conditions of the aforementioned bill of lading and the U.S. Carriage of Goods by Sea Act, 46 U.S.C. §§ 1300 *et seq.*

13.    All conditions precedent required of the plaintiffs and of all others interested in the Shipment have been performed.

14.    By virtue of a Judgment issued on March 28, 2007 by a Commercial Court of Barcelona, Spain (the "March 28, 2007 Judgment"), BAX Global, S.A. was ordered to pay to representatives of the ultimate shipper of the Shipment the sum of 32,272.72 euros, plus interest and the costs of those proceedings, as a result of damage to the Shipment.

15.    By reason of OWL's failure to make delivery of the Shipment in good order and condition in accordance with the terms and conditions of the aforementioned bill of lading and the U.S. Carriage of Goods by Sea Act, plaintiffs have sustained damages in the approximate sum of $100,000, as nearly as the same can now be estimated (inclusive of amounts paid in

satisfaction of the March 28, 2007 Judgment), no part of which has been paid, although duly demanded. Plaintiffs reserve their right to amend this amount should their losses and damages ultimately be in excess thereof.

16.    Plaintiffs should be awarded full indemnity from OWL pursuant to the terms and conditions of the subject contract of carriage, and/or pursuant to law, and/or contribution from OWL, together with the costs and disbursements of this action including without limitation attorneys' fees.

WHEREFORE, plaintiffs BAX Global, Inc. and BAX Global, S.A. demand:

(1)    that judgment in the sum of $100,000 be entered in favor of BAX Global, Inc. and BAX Global, S.A. against defendant, Ocean World Lines, Inc., together with interest and costs; and

(2)    such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      November 19, 2007

Yours, etc.

KATTEN MUCHIN ROSENMAN LLP

By: _____
      Philip A. Nemecek (PN-3319)

*Attorneys for Plaintiffs*
575 Madison Avenue
New York, New York 10022
(212) 940-8800

Doc

United States District Court
Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -- -X

NOTICE OF ASSIGNMENT
07cv10457

Bax Global, Inc., et al
v. Ocean World Lines, Inc.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Pursuant to the memorandum of the Case Processing Assistant, the above-entitled action is reassigned to the calendar of

Judge Buchwald

All future documents submitted in this action are to be presented in the Clerk's Office of the Southern District Court for filing and shall bear the assigned judge's initials after the case number.

The attorney(s) for the plaintiff(s) are requested to serve a copy of the Notice of assignment on all defendants.

J. Michael McMahon, CLERK

Dated: 11/29/2007

By:        Jenny R. Horne
           Deputy Clerk

cc:  Attorneys of Record
PS REASSIGNMENT FORM

Data Quality Control
Revised: March 9, 2001

8800/SHV
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR
61 BROADWAY, SUITE 3000
NEW YORK, NEW YORK 10006
212-344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| BAX GLOBAL, INC. and BAX GLOBAL, S.A.<br><br>                               Plaintiffs,<br><br>             v.<br><br>OCEAN WORLD LINES, INC.<br><br>                               Defendant | **07 cv 10457 (NRB)**<br><br>**ECF**<br><br>**OCEAN WORLD LINES**<br>**AMSWER TO THE**<br>**COMPLAINT**<br>**and COUNTERCLAIM** |

Defendant OCEAN WORLD LINES (hereinafter "OWL") by and through its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, Answers the plaintiffs' BAX GLOBAL, INC. and BAX GLOBAL S.A., (hereinafter referred to as "plaintiffs"), complaint 07 cv 10457 (NRB), upon information and belief, as follows:

## JURISDICTION AND VENUE

1. Admits that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Except as so specifically admitted OWL denies all of the remaining allegations in paragraph 1 of plaintiffs' complaint.

2. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 2 of plaintiffs' complaint.

## PARTIES

3.  Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 3 of plaintiffs' complaint.

4.  Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 4 of plaintiffs' complaint.

5.  Admits that OWL is a corporation organized and existing under the laws of one of the states of the United States, with an office at 1981 Marcus Ave., Lake Success, New York 11042. Except as so specifically admitted OWL denies all of the remaining allegations in paragraph 5 of plaintiffs' complaint.

## FACTUAL ALLEGATIONS

6.  Admits that Bax Global was the consignee on the Ocean World Lines express bill of lading, no. BC5S030040NY, for containers TTNU561498-8 and TTNU473145-0, said to contain "sanitary equipment" to be laden aboard the M/V NORDSEAS Voy. 508W on or about March 2, 2005 at the port of Barcelona, Spain for transport to New York, New York. Except as so specifically admitted OWL denies all of the remaining allegations in paragraph 6 of plaintiffs' complaint.

7.  Admits that Bax Global S.A. was the shipper on the Ocean World Lines express bill of lading, no. BC5S030040NY, for container TTNU561498-8 and TTNU473145-0, said to contain "sanitary equipment" to be laden aboard the M/V NORDSEAS Voy. 508W on or about March 2, 2005 at the port of Barcelona, Spain for transport to New York, New York. Upon information and belief, the subject containers actually contained "medical supplies." Except as so specifically admitted OWL denies all of the remaining allegations in paragraph 7 of plaintiffs' complaint.

8.  Denies all of the allegations contained in Paragraph 8 of plaintiffs' complaint.

9.  Denies knowledge and information sufficient to respond to the allegations in Paragraph 9 of plaintiffs' complaint.

### FIRST CAUSE OF ACTION

10. Denies all of the allegations contained in Paragraph 10 of plaintiffs' complaint, except admits that on March 2, 2005, containers numbered TTNU561498-8 and TTNU473145-0, each said to contain "sanitary equipment" (subsequently shown to contain "medical supplies") were shipped from Spain to the United States aboard the M/V NORDSEAS Voy. 508W at the agreed upon freight rate for the shipper described commodity pursuant to the OWL Tariff and all of the terms and conditions of the applicable OWL express bill of lading contract no. BC5S030040NY and the COSCO bill of lading COSU96221060.

11. Denies all of the allegations contained in Paragraph 11 of plaintiffs' complaint, except admits that on March 2, 2005, containers numbered TTNU561498-8 and TTNU473145-0, each said to contain "sanitary equipment", (subsequently shown to contain "medical supplies") were shipped from Spain to the United States aboard the M/V NORDSEAS Voy. 508W at the agreed upon freight rate for the shipper described commodity pursuant to the OWL Tariff and all of the terms and conditions of the applicable OWL express bill of lading contract no. BC5S030040NY and the COSCO bill of lading COSU96221060.

12. Denies all of the allegations contained in Paragraph 12 of plaintiffs' complaint.

13. Denies all of the allegations contained in Paragraph 13 of plaintiffs' complaint.

14. Denies knowledge and information sufficient to respond to the allegations in Paragraph 14 of plaintiffs' complaint.

15. Denies all of the allegations contained in Paragraph 15 of plaintiffs' complaint.

16. **Denies all of the allegations contained in Paragraph 16 of plaintiffs' complaint.**

### AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

17. The shipment in question was to be carried from a foreign port to a U.S. port pursuant to a bill of lading contracts and applicable tariffs and was therefore subject to United States Carriage of Goods by Sea Act 46 U.S.C. (App.) 1300 et. seq.

18. OWL claims the benefit of all exceptions, exemptions and limitations contained in the aforesaid statute or bill of lading contracts to the full extent as may be applicable.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19. OWL claims the benefit of the Harter Act, the provisions of the General Maritime law, applicable United States foreign law and all vessel limitation of liability statutes to the full extent they may be applicable to it.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20. The claim of the ultimate shipper against OWL was time-barred under the agreed provisions of the bill of lading, and under the provisions of the Carriage of Goods by Sea Act, specifically, 46 U.S.C. Section 1303 (6).  Plaintiffs' claims are barred by the applicable statute of limitations or the equitable doctrine of laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21. Plaintiffs have failed to properly and fully mitigate the damages in their complaint.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22. That if the goods in suit were damaged, which is denied, said damage was caused in whole or in part by the contributory negligence of the plaintiffs and/or their agents.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

23. That if plaintiffs' cargo suffered any damage, which OWL denies, then such damage resulted from a cause arising without the actual fault and privity of OWL and without the fault or neglect of the agents or servants of OWL, and OWL is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(Q).

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

24. That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act of omission of the shipper, for which OWL is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304 (2)(i), and by the terms of the contracts of carriage.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

25. Plaintiffs claim should be dismissed on the basis that the shipper knowingly mis-described the cargo on the subject bill of lading contracts and is therefore estopped from asserting a claim there under pursuant to 46 U.S.C. 1303(5).

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

26. Plaintiffs claim should be dismissed for failure to name a necessary party.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

27. Plaintiffs claim should be dismissed since plaintiffs are not the real parties in interest.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

28. Plaintiffs are estopped from bringing this claim since the freight charges for the subject cargo have not been paid to date.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

29. Plaintiffs failed to properly defend the claim asserted by the ultimate shipper.

### COUNTERCLAIM
### AND/OR EQUITABLE SET-OFF

### AS AND FOR ITS COUNTERCLAIM AGAINST PLAINTIFFS
### DEFENDANT OCEAN WORLD LINES ALLEGES AS FOLLOWS

30. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1-29 inclusive of this Answer, with the same force and effect as if herein set forth at length.

31. Plaintiff breached the terms and conditions of the subject OWL bill of lading, no. BC5S030040NY, by intentionally and knowingly mis-describing the cargo shipped pursuant to same as "sanitary equipment" when what was actually shipped was "medical supplies."

32. Under 46 USC 1303(5), by mis-describing the cargo in containers TTNU561498-8 and TTNU473145-0 transported pursuant to the OWL bill of lading, no. BC5S030040NY, plaintiffs breached their guaranty to OWL.

33. Pursuant to the OWL Tariff, the tariff item rate for "medical supplies" would be a different rate than the tariff rate item for "sanitary equipment" which requires, under the Shipping Act of 1984, as modified by the Ocean Shipping Reform Act of 1988 and the implementing Federal Maritime Commission tariff rules and regulations, OWL to re-rate the freight charge for the two containers, TTNU561498-8 and TTNU473145-0, transported pursuant to the express bill of lading, no. BC5S030040NY for the actual cargo that was shipped per the OWL aforementioned express bill of lading.

34. As a result, OWL demands the outstanding freight charge for the two containers; nos. TTNU561498-8 and TTNU473145-0, imported pursuant to the subject express bills of lading, no. BC5S030040NY in the approximate sum of $50,000.00.

**WHEREFORE,** Defendant OWL prays that the complaint against it be dismissed and its counterclaim be granted and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
      April 23, 2008

CICHANOWICZ, CALLAN, KEANE,
  VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006
*Attorneys of Defendant Ocean World Lines*

By: __S/ Stephen Vengrow_____
       Stephen H. Vengrow

## <u>CERTIFICATE OF SERVICE BY ECF and US MAIL</u>

The undersigned declares under penalty of perjury that the following is true and correct:

1.  I am over the age of eighteen years and I am not a party to this action.

2.  On April 23, 2008, I served by ECF a complete copy of OCEAN WORLD LINES

answer to the following attorney at the ECF registered address:


Katten Muchin Rosenman LLP
Attention:      Philip A. Nemecek, Esq.
575 Madison Avenue
New York, New york 10022
212-940-8800
*Attorneys for Plaintiff*

DATED:        April 23, 2008
              New York, New York


                                <u>S/ Jessica De Vivo, Esq. (JAD/6588)</u>