BLANK ROME, LLP
ATTORNEYS FOR THIRD PARTY
DEFENDANTS
405 LEXINGTON AVE.
NEW YORK, N.Y. 10174
LEROY LAMBERT (LL-3519)
JACK A. GREENBAUM (JG-0039)
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
BAX GLOBAL, INC. and BAX GLOBAL, S.A.   :
:
              Plaintiff,   :
:  07 Civ. 10457 (NRB)
vs.   :
:
OCEAN WORLD LINES, INC.   :
:
:  **ANSWER AND CROSS-CLAIM**
       Defendant/Third-Party   :
       Plaintiff,   :
:
vs.   :
:
COSCO CONTAINER LINES and COSCO NORTH :
AMERICA, INC.,   :
:
             Defendants.   :
:
:
:
:
------------------------------------X

       Third-Party Defendants, COSCO CONTAINER LINES CO., LTD (erroneously sued herein as COSCO CONTAINER LINES) ("COSCO Container Lines") and COSCO NORTH AMERICA, INC. ("COSCO North America"), by their attorneys Blank Rome LLP, for their Answer to the Complaint of BAX GLOBAL, INC. and

BAAX GLOBAL, S.A. ("Plaintiffs") and Cross-Claim against OCEAN WORLD LINES, INC., pursuant to F. R. Civ. P. Rule 14(c), allege on information and belief:

1. Admit that Plaintiff's claims are admiralty and maritime claims within the meaning of Rules 9(h) of the rules of the federal rules of civil procedure.

2. Deny that venue is proper.

3. Deny knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph "3" of the Complaint.

4. Deny knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph "4" of the Complaint.

5. Deny knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph "5" of the Complaint.

6. Deny knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph "6" of the Complaint.

7. Deny knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph "7" of the Complaint.

8. Deny the allegations in paragraph "8" of the Complaint.

9. Admit the truth of the allegations contained in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph "10" of the Complaint.

11. Deny knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph "11" of the Complaint, except deny any damage was caused to the shipment by the fault of Third Party Defendants.

12. Deny knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph "12" of the Complaint.

13. Deny the allegations of paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph "15" of the Complaint.

16. Deny knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph "16" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

17. The complaint fails to state a claim against Third-Party Defendants COSCO Container Lines and COSCO North America.

### SECOND AFFIRMATIVE DEFENSE

18. This court lacks personal jurisdiction over the claims against Third-Party Defendants COSCO Container Lines and COSCO North America.

### THIRD AFFIRMATIVE DEFENSE

19. The Complaint fails to state a claim against COSCO North America upon which relief can be granted because it owed no duty in contract, tort or otherwise to Plaintiff or Third-Party Plaintiff. COSCO North America acted at all times as agent for its disclosed principal, COSCO Container Lines.

### FOURTH AFFIRMATIVE DEFENSE

20. Venue in this district is improper. The Service Agreement between Third Party Plaintiff and COSCO Container Lines Company Ltd. provides for arbitration of any

-3-

dispute before the China Maritime Arbitration Association Committee. Third Party Defendants reserve their right to arbitrate the claim which is the subject of the Third Party Complaint.

21. Alternatively, Clause 26 of COSCO Container Lines' bill of lading, incorporated into the waybill issued by COSCO Container Lines and covering this shipment, is entitled "law and jurisdiction" and contains a forum-selection clause providing that any action against the carrier "shall be brought before the Shanghai Maritime Court or other maritime courts in the People's Republic of China."

22. Pursuant to clause 3 of the bill of lading, all agents and sub-contractors of COSCO Container Lines, such as COSCO North America, have the benefit of the forum-selection clause and other defenses, limitations and exemptions contained in the bill of lading. Therefore, this action should be dismissed as to COSCO Container Lines and COSCO North America.

### FIFTH AFFIRMATIVE DEFENSE

23. Any alleged misdelivery, loss or damage, which misdelivery, loss or damage is specifically denied, was caused solely by or contributed to by an act or omission by Plaintiff, Third-Party Plaintiff and/or other third parties over whom Third-Party Defendants exercised no control and for whom Third-Party Defendants are neither responsible nor liable, and not by Third-Party Defendants COSCO Container Lines and COSCO North America.

### SIXTH AFFIRMATIVE DEFENSE

24. Plaintiff and/or Third-Party Plaintiff have failed to properly mitigate their alleged damages.

622022.00017/6641987v.1

**SEVENTH AFFIRMATIVE DEFENSE**

25.     Third-Party Defendants COSCO Container Lines and COSCO North America claim the benefit of all defenses afforded by all applicable contracts, statutes and treaties, including Chinese law, the United States Carriage of Goods by Sea Act, 46 U.S.C.A. §§ 1300-1315 (1975), the Harter Act, the General Maritime Law of the United States, and Third-Party Defendants' tariffs, including, but not limited to, their rights to limit their liability thereunder.

**CONDITIONAL CROSS-CLAIMS
AGAINST DEFENDANT/THIRD-PARTY
PLAINTIFF OCEAN WORLD LINES, INC.**

26.     Third-Party Defendants COSCO Container Lines and COSCO North America, Inc. repeat and reallege each and every response to paragraphs "1" through "26" as if fully set forth at length herein.

27.     In the event that the court concludes that the Third-Party Complaint should not be stayed pending arbitration or dismissed as against COSCO Container Lines, and COSCO North America any misdelivery, damage or loss suffered by Plaintiff and/or Third-Party Plaintiff as alleged in Complaint and Third-Party Complaint (respectively), which is denied, was caused by the fault, neglect, omission, or breach of contract by Third-Party Plaintiff and/or Third-Party Defendant, their agents, servants, or employees, and occurred without any fault negligence, or breach on the part of Third-Party Defendants COSCO Container Lines and COSCO North America, their agents, servants, or employees.

28.     If any liability is imposed on Third-Party Defendants COSCO Container Lines and/or COSCO North America by reason of the allegations contained in Plaintiff's

Complaint and/or the Third-Party Complaint, Third-Party Defendants COSCO Container Lines and COSCO North America are entitled to indemnity in full and/or contribution by the forenamed parties, jointly and severally, in the amount of the judgment against Third-Party Defendants COSCO Container Lines and/or COSCO North America, Inc., plus fees and costs incurred in the defense of this action.

WHEREFORE, Third-Party Defendants COSCO Container Lines and COSCO North America, Inc. respectfully request:

(a) That the Complaint and Third-Party Complaint herein be dismissed or stayed pending arbitration;

(b) That Third-Party Defendants COSCO Container Lines and/or COSCO North America, Inc. be awarded all costs including reasonable attorney's fees incurred in connection with the defense of this action;

(c) That in the event judgment is awarded in favor of Plaintiff and/or Third-Party Plaintiff and against Third-Party Defendants COSCO Container Lines and COSCO North America, Inc., Third-Party Defendants COSCO Container Lines and/or COSCO North America, Inc. be awarded indemnity and/or contribution against Third-Party Plaintiff in the amount of such judgment, together with attorney's fees and costs; and

(d) That the Court award such further and other relief as may be just and equitable.

-7-

Dated: New York, New York
      May 29, 2008

                       Respectfully submitted,
                       BLANK ROME LLP
                       Attorneys for Third-Party Defendant
                       COSCO CONTAINER LINES,
                       COSCO NORTH AMERICA, INC.

                       By _____
                       Jack A. Greenbaum (JG-0039)
                       405 Lexington Avenue
                       New York, NY 10174
                       Tel: (212) 885-5000

TO:   CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
       Attorneys for Defendant/Third-Party Plaintiff
       61 Broadway, Suite 3000
       New York, NY 10006
       344-7042

       KATTEN MUCHIN ROSENNAN LLP
       Attorneys for Plaintiff
       575 Madison Avenue
       New York, NY 10022
       (212) 940-8800

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

Allison E. Alexander, being duly sworn deposes and says that she is over the age of eighteen (18) years and is not a party to this action; that on the 29th day of May, 2008, she served the within **ANSWER AND CROSS-CLAIM** by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following persons at the last known address set forth after their names:

CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
Attorneys for Defendant/Third-Party Plaintiff
61 Broadway, Suite 3000
New York, NY 10006

KATTEN MUCHIN ROSENNAN LLP
Attorneys for Plaintiff
575 Madison Avenue
New York, NY 10022

_/s/ Allison E. Alexander_
Allison E. Alexander

Sworn to before me this
29th day of May, 2008

_/s/ Notary Public_
Notary Public

INBAL PAZ
Notary Public, State of New York
Reg. # 02PA6140501
Qualified in New York County
My Commission Expires 01/30/2010

253120.1
622022.00017/6642430v.1